ANTONIO PASQUALE and Another, Copartners, Trading as ANTONIO PASQUALE & SON, Respondents, v. THE STATE OF NEW YORK, PATRICK T. COULTER and HARRY R. AUSTIN, Defendants, and CHAS. SHUTRUMP & SONS CO., Appellant.— Defendant Shutrump & Sons, Inc., has appealed from a judgment in plaintiffs' favor for the sum of $2,065.62 which judgment also dismissed defendant's counterclaim. Defendant had contracts with the State of New York for the construction of an armory and garage at Binghamton, N. Y. Plaintiffs had a subcontract with defendant for the performance of all necessary concrete work in connection with the construction of such armory and garage and for the furnishing of the necessary labor and materials, for which work plaintiffs were to be paid $26,000. During the progress of their work plaintiffs abandoned their contract claiming they were induced to enter into it by reason of fraudulent representations by defendant with respect to the price which plaintiffs would be required to pay for labor. Plaintiffs filed a lien against moneys due and to become due to defendant in connection with such contracts. The action was referred to and tried before an official referee who found in favor of plaintiffs. The evidence establishes that plaintiffs, without cause or provocation, breached their subcontract and the judgment in their favor is not supported by the evidence. The proof also shows that during the progress of the work defendant had paid plaintiffs the sum of $27,828.04 on their subcontract and for extra work in connection therewith. After plaintiffs abandoned their contract defendant was required to expend $13,651.75 for the completion of the same and for the correction of defective work performed by plaintiffs. Judgment in favor of plaintiffs reversed on the law and facts, their complaint dismissed on the merits, and the notice of lien filed by them canceled, with costs, and judgment rendered in favor of defendant and against plaintiffs on defendant's counterclaim for the sum of $13,651.75, with costs. The court hereby reverses findings of fact Nos. 6, 8, 10 and 11 contained in the referee's decision. The court also reverses the findings of fact contained in the conclusions of law in such decision Nos. 1, 2, 3 and 4, and the court hereby disapproves of such conclusions of law. The court finds that on or about March 16, 1933, plaintiffs entered into a subcontract with defendant for the purpose of furnishing the necessary labor and material in connection with the construction

of defendant's contracts with the State of New York and for the performance of all concrete work incidental thereto; that no fraud or deceit whatsoever was practiced or perpetrated upon plaintiffs by defendant or any of its agents or representatives in connection with the execution of such contract and that plaintiffs well knew the terms and conditions thereof and fully understood the same. The court also finds that plaintiffs commenced work under their subcontract on April 3, 1933 and completed about seventy-five per cent thereof; that on or about September 29, 1933, without notice to defendant and without any sufficient cause therefor plaintiffs unlawfully abandoned such contract and refused to complete the same; that thereupon defendant, in pursuance of the terms of its contract with plaintiffs, declared plaintiffs in default in the performance thereof and said defendant at that time terminated plaintiffs' employment; that after the abandonment of such contract by plaintiffs, the defendant, as plaintiffs' agent and in accordance with the terms of its contract with them, duly completed such contract and that in the completion thereof defendant was put to an expense of $13,651.75 which amount included the correction of defective work performed by plaintiffs; that the lien filed by plaintiffs against the moneys due defendant from the State of New York is void; that the plaintiffs' abandonment of their subcontract with defendant was wholly unjustified and constituted a breach of such contract. The court also finds as a conclusion of law that defendant is entitled to recover from and have judgment against the plaintiffs on its counter-claim in the sum of $13,651.75, together with its costs and disbursements to be taxed. Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ., concur. [See 250 App. Div. 890.]